### P. LORILLARD & Co. *v.* DOHAN CARROLL & Co.

*(Circuit Court, S. D. New York. November 2, 1881.)*

1. LETTERS PATENT—PLUG TOBACCO.
   Reissued letters patent No. 7,362, dated October 24, 1876, granted to Charles Siedler for an improvement in plug tobacco, consisting in a mode of making and identifying each separate plug of tobacco as being of a particular quality, origin, or manufacture, by tin labels or tags having any desired inscription on them, and prongs extending backwards from their edges, are not anticipated by English letters patent No. 1,516, dated April 30, 1874, granted to Gibson, Kennedy & Prior, nor void for want of novelty.

In Equity.

*Livingston Gifford,* for plaintiffs.

*Samuel S. Boyd,* for defendants.

WHEELER, D. J. This cause depends upon reissued letters patent No. 7,362, dated October 24, 1876, granted to Charles Siedler, upon the surrender of original letters patent No. 158,604, dated January 12, 1875, for an improvement in plug tobacco. Their validity is contested upon the grounds of want of patentable invention, want of novelty, and want of support of the reissue by the original. They

have been before the United States circuit court for the eastern district of Pennsylvania in *Lorillard* v. *McDowell*, 11 O. G. 640, where it was held, on a motion for a preliminary injunction, by *McKennan,* J., that the reissue was supported by the original, and was not void either for want of invention or novelty; and in *Lorillard* v. *Ridgway*, 16 O. G. 123, where it was held on final hearing, in view of the defences there interposed, by the same judge, that there was a lack of patentable invention and novelty. The question as to the reissue was the same there that it is here. The decision upon it in the former case was not disturbed by the change of opinion in the latter, and that decision is a sufficient authority for holding the same way here; and, besides, the reasoning upon which that conclusion was reached is fully concurred in. The same respect would be paid to the decision in the latter case upon the other questions if it had been made upon the same evidence, and it has not been claimed or urged in argument but what that case should be followed, unless this case is substantially different. The invention is of a mode of marking and identifying each separate plug of tobacco as being of a particular quality, origin, or manufacture, by tin labels, or tags, having the desired inscription upon them, and prongs extending backwards from their ·edges, pressed into the plugs in the last processes of manufacture, with their faces even with the surface of the plugs, where they would be held by the prongs and the surrounding tobacco. Among the things in evidence in that case as anticipations were English letters patent No. 1,516, dated April 30, 1874, granted to Gibson, Kennedy & Prior for an improvement in the manufacture of tobacco, and apparatus employed therein, the specifications of which were filed in the great-seal patent-office, October 27, 1874, which was before Siedler was then shown to, have made his invention, and in those specifications was described as placing in each plug of tobacco, in the process of finishing at the surface, "a thin metal plate bearing the manufacturer's name, abode, trade-mark, or mark of quality." Now, Siedler's invention is shown to have been prior to the filing of that specification. This removes that patent from among the anticipations to be considered. *De Florez* v. *Raynolds*, 17 Blatchf. 436. This point is not disputed in behalf of the defendants. The use of these plates, or disk, was the most like Siedler's method of anything shown in that case. In view of that use it was well said that it was "difficult to see how the mere attachment of prongs to a flat disk, which had been used before, would involve a patentable exercise of inventiveness." That use being removed, the question is now materially

changed, and is to be decided upon the case as now presented. *U. S. Stamping Co.* v. *King*, 17 Blatchf. 55.

The anticipations now to be considered are screws, nails, coins, and other similar things pressed into the surface of the plugs at these stages of manufacture to identify some particular plugs to the manufacturers themselves, and not to go into the market with the plugs, to be observed by tradesmen or consumers; and initial letters and trade names impressed into some plugs of lots placed in the moulds at the same time by metallic letters placed loosely among the plugs within the moulds, or attached to the inner surface of the moulds, intended to mark the tobacco with those plugs for consumers; and there were tin labels almost exactly like Siedler's in use upon the corks of bottles. The coins and things of that sort would not accomplish the whole object sought by Siedler's invention. They would identify particular plugs through the processes of manufacture, and this is all they were used for, but would be of no use between manufacturers and customers or consumers. The letters were not labels, and could not be made to answer the place of labels on that substance. From the nature of the tobacco the letters must be large to be legible,—too large to have enough to answer the purpose of a label put upon the surface of single plugs; and they could not by the means used be put upon but few of the plugs, as they were subjected in a body to the final pressure. The tin labels from corks could not be placed upon the finished plugs tastefully and securely because the hard-pressed surface of the plugs would not receive and hold them. The object desired was to mark each plug so that the manufacturer or packer would be known by the mark on each plug throughout until it should reach the consumer, and to do this by such means that products of one could not be placed under the marks of another, and so as to leave the plugs symmetrical and tasteful to those who will use them. A label or tag was to be sought which would not be large enough to cover much of the surface, of such material that letters of a size small enough, so a sufficient number could be used might be put upon it, which could be fastened permanently enough to remain until the plugs reached the consumer, and which would be removable then and would not injuriously affect the quality of the tobacco. Siedler accomplished this by the tin label, which could be lettered, having prongs put into each plug in the last stages of manufacture and pressed into them, so that the shape of the plug would be preserved, the label could not be removed without dis-

figuring the plug, therefore one could not be exchanged for another, and it could be removed by the consumer when that part of the plug should be reached, and which would not affect the quality of the tobacco at all. This could not be wrought out from the means at hand before without thought and contrivance enough to warrant the decision of the patent-office that they constituted invention. No one had done this before him. Therefore, as the case now stands, the patent must be adjudged to be valid. With the reissue valid there is no question about infringement.

Let there be a decree for an injunction and an account according to the prayer of the bill, with costs.